The Federal Land Bank of Baltimore, Plaintiff and Appellee, *v.* Sotero León León, Defendant and Appellant.

No. 8170. Argued May 27, 1940.—Decided May 28, 1940.

M. *Guzmán Texidor* for appellant. *Frank Martínez, Sebastián García, Antonio R. Barceló,* and *E. Campos del Toro,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The question before us for determination is a motion of plaintiff and appellee to dismiss an appeal taken from a judgment for plaintiff rendered by the District Court of Guayama on January 18, 1940, in an unlawful detainer proceeding against defendant and appellant. The motion rests exclusively on the pleadings and on a certificate issued by the clerk of the trial court showing the form and place of the publication of certain notices of a public auction sale.

It is alleged by plaintiff in the complaint in the unlawful detainer proceeding where this appeal originated that it owns four pieces of rural property which he describes; that on February 17, 1936, it sold them to the defendant for $21,000 payable in several instalments, it being stipulated that if the purchaser or his heirs or assigns should fail to comply with any of the terms of the sale the vendor would be entitled to declare the whole unpaid balance due and payable forthwith and to compel the defendant to specifically perform the said contract, or to cancel or rescind the same retaining all payments effected as liquidated damages and recovery of costs and expenses incurred by the vendor, it being further stipulated that if the plaintiff and vendor should elect to rescind the contract, the purchaser bound himself to deliver possession of the properties on request by the ven-

dor and to waive every right to title and possession of the property; that defendant Sotero León violated the said contract of sale by failing to pay certain instalments specified in the complaint, for which reason the plaintiff declared the contract rescinded and notified the purchaser to that effect in order that he should deliver the material possession of the properties sold to the plaintiff, which the defendant did; that subsequent to the delivery of the properties to the plaintiff, the defendant sought unsuccessfully to purchase from the plaintiff a twenty-cuerda parcel included in said properties; that after his failure to purchase the said parcel, defendant entered the properties of the plaintiff and cut lumber for his own benefit, appointed two overseers who live on the said properties as the representatives of defendant, and lastly destroyed a house standing on one of the properties in question, brought in cattle to graze thereon, and is plowing some part thereof in order to exploit the same; that plaintiff has requested the defendant to vacate the said properties and leave them at the plaintiff's disposal, which he refused and still refuses to do and continues in the enjoyment and possession thereof without any right or title whatever, detaining and occupying them at sufferance without paying any rental to the plaintiff and against the latter's express will. .

The complaint closes with the prayer that the defendant, his relatives, tenants, etc., be evicted, and that he be adjudged to pay the costs, expenses and attorney's fees.

The above complaint, which is duly verified, was answered by the defendant who substantially admitted all its averments but pleaded as his defense that the plaintiff is not the owner of the properties described therein because the same belong to Francisco Alberto Malavé Llera and to other people which he mentions, on the ground, as alleged by defendant, that the mortgage foreclosure proceeding, under which plaintiff acquired the properties in questions formerly owned by Francisco Alberto Malavé Llera and the other people referred to

in the answer, is void because the notices of the auction sale were not published in the manner prescribed by law.

Subsequent to the first appearance the defendant amended his answer in which he alleged that he was in occupation of the properties in question as co-owner thereof, having bought the rights and actions therein that might be held by co-owner Francisco Alberto Malavé y Llera, and he further alleged that he occupied, used and enjoyed the said properties with the express consent of co-owners Luis Antonio and Teófilo Malavé who as undivided common owners possess and own the same, as alleged by the defendant, together with the other co-owners.

The only questions in issue, as appears from the allegations of both sides, are as follows:

1. Was or was not the publication valid of the notices of the public auction in the foreclosure proceeding by virtue of which the plaintiff acquired its ownership title to the properties sued on?

2. Does the purchase by the defendant of the rights and actions in said properties, which according to him were held by somebody else, constitute a valid defense to the unlawful detainer proceeding instituted by the plaintiff?

■■ The solution to the first question raised clearly and conclusively appears from the certificate issued by the clerk of the District Court of Guayama on October 29, 1935, which contains a transcription of the notices and the return of the marshal of said court regarding their publication. Said certificate shows, together with the certified return by the marshal, that on October 29, 1935, he posted four notices at different customary public places of the city and district of Guayama, to wit: one on the board prepared for the purpose in the corridors of the district court; one ·in the Insular telegraph office of Cayey, P. R., in whose municipal district the properties are located; another in the office of the internal revenue collector of Cayey, and another on the house of the deputy mayor (comisario) of Matón Arriba

barrio, of Cayey itself, where, as appears from the complaint, three of the properties in litigation lie. It further appears from said certificate that the auction was held on November 22, 1935, which shows that the notices had been posted for more than twenty days.

Section 6 of the Act relating to judgments and the manner of satisfying them provides as follows:

"Section 6.—Immovable property taken by virtue of any execution or order of sale, shall be sold at public auction in the same manner provided by law for the sale of personal property under execution."

Section 251 of the Code of Civil Procedure, as amended by Act No. 64 of May 13, 1934, (Sess. Laws of 1934, p. 452), which prescribes the procedure to be followed in the sale of personal property on execution, provides as follows:

"Section 251.—Before the sale of property on execution, notice thereof must be given as follows:

"1. .      .      .      .      .      .      .      .

"2. In case of other personal property, by posting the notice particularly describing the property, for twenty days, in three public places of the precinct or city where the property is situated, and, also, in the school of the *barrio*, or in the house of the *comisario del barrio*, where the defendant resides, if this is known, and also stating where the sale is to be made; or by publishing a copy thereof once a week for the same period, in some newspaper published in the district, if there be one, and if there is not, in one of the newspapers of largest circulation in the Island of Puerto Rico...."

According to the above section, the notice of the auction sale may be published in two different ways: either by posting the same in the places referred to in paragraph 2, that is, in three public places of the precinct or city where the property is situated and also in the school of the barrio or in the house of the deputy mayor of the barrio where the defendant resides, if this is known, or by publishing it once a week for twenty days in some newspaper of the district, should there be one, but where there is none in one of the newspapers with the largest circulation in the Island of Puerto Rico. The

marshal elected the first way and thereby complied with the law. Therefore, the contention of defendant that no notices were published in the mortgage foreclosure proceedings from which the plaintiff derived its title can not be sustained. *Nazario v. Registrar,* 36 P.R.R. 694; *Manrique v. Registrar,* 33 P.R.R. 515; *Thyboe et al. v. San Juan Fruit Co.,* 36 P.R.R. 804; *Mestres v. Díaz Román,* 50 P.R.R. 354.

Assuming, however, that there had been some irregularity in the publication of the notices, it would not invalidate the mortgage foreclosure proceeding. *Henna et al. v. Saurí & Subirá,* 22 P.R.R. 776; *Solá v. Castro et al.,* 32 P.R.R. 740; *Trueba et al. v. Martínez et al.,* 33 P.R.R. 446; *Manrique v. Registrar,* 33 P.R.R. 515.

As regards the second question, defendant is mistaken also, for the purchase by him after the first appearance of certain rights and actions alleged by somebody to hold in the property in question does not create such conflict of titles as to bar a judgment of eviction, as it does not at all appear that plaintiff's title is void and can not, therefore, be collaterally attacked within the unlawful detainer proceeding. *Dávila v. Sotomayor et al.,* 35 P.R.R. 726.

As the two defenses pleaded by defendant can not affect the conclusion reached by the district court in decreeing his eviction from the properties in question, it must necessarily be concluded that his appeal is frivolous and, therefore, the judgment appealed from should be affirmed in every particular.